### MILLS et ux. *v.* ANGELA:

MARRIED WOMAN — *may defend actions.* A married woman is under no disability in respect to the time or manner of making her defense to an action brought against her.

PRACTICE — *defense must be interposed at earliest opportunity.* An objection which was not made in the court below will not be considered in this court.

DEMURRER TO BILL IN CHANCERY — *does not reach defects not apparent in the bill.* In a bill against husband and wife to foreclose a mortgage, it was averred that the defendants made, executed, acknowledged and delivered the mortgage to complainant. No copy of the mortgage was attached to the bill. Objections to the sufficiency of the certificate of acknowledgment appended to the mortgage were not raised by demurrer to the bill.

PRACTICE — *bill to foreclose need not be put in under oath.* A bill to foreclose a mortgage need not be put in under oath. The signature of counsel is a sufficient authentication.

*Appeal from District Court, Clear Creek County.*

Mr. Justice WELLS, having been of counsel, did not participate in the decision of this cause.

Mr. R. S. MORRISON and Mr. HUGH BUTLER, for appellants.

Mr. H. R. HUNT, for appellee.

HALLETT, C. J. This was a bill to foreclose a mortgage to which appellants demurred, and the demurrer was overruled. No other defense being made, the bill was taken

*pro confesso.* The argument at the bar was mainly directed to the certificate of acknowledgment attached to the mortgage, which is said to be insufficient as to Emiline, one of the appellants. If, however, it shall appear that this question was not presented in the court below, upon what ground may appellants base their claim to be heard in this court?

Generally a party must seek the earliest opportunity to make his defense, and if he does not do so, the law will presume that he has none. This salutary rule ought not to be disregarded unless the case is exceptional, and we do not see that the coverture of Mrs. Mills makes this one so. A married woman is under no disability in respect to the time or manner of putting in her defense to an action brought against her. In the absence of statutory regulation, the husband must be joined with her as a defendant, but this was doubtless for his protection as well as hers, and did not interfere with her defense. 1 Daniell's Ch. Pr. 140.

But our statute admits a married woman to the courts upon the same terms as if she were sole, and for this reason, if for no other, she cannot claim indulgence on the ground of coverture. She is not like an infant, who is incapable of acting for himself, and is compelled to rely upon a guardian *ad litem,* who may be careless or unfaithful. The law clothes her with power to manage her own affairs, and she ought to accept the responsibility which attends upon free agency. If the sufficiency of the certificate of acknowledgment was denied in the court below, it must have been by the demurrer, for appellants made no other appearance in that court. The certificate is not in terms referred to in the demurrer, and the defect of which complaint is made does not appear in the bill. It is alleged that "appellants made, executed, acknowledged and delivered to the complainant their mortgage deed of conveyance," and although it is stated that a copy of the mortgage is attached to the bill, no such copy appears in the record. Granting that every matter appearing in the bill was questioned *ore tenus* upon the argu-

ment of the demurrer the certificate of acknowledgment was not reached. That the allegation in the bill of the exe-' cution of the instrument was sufficient upon demurrer, see. *Moore et ux.* v. *Titman*, 33 Ill. 364. In this case, a copy of the mortgage was attached to the bill, and the court examined the certificate of acknowledgment, but they, at the same time, declare that the sufficiency of the acknowledgment could not be questioned after default in answering. In the case at bar there was no exhibit attached to the bill, and therefore no question as to the propriety of examining a copy of a mortgage accompanying a bill upon demurrer to the bill, or otherwise, for the purpose of ascertaining whether the proof supports the allegation. In demurring to the bill, appellants admitted the averment of the acknowledgment of the mortgage to be true, and they did not afterward deny that averment. The master's report, which contained the mortgage, passed unchallenged, and appellants have come here in search of relief, for which they should have asked in the court below. *Reigard* v. *McNeil*, 38 Ill. 401.

These remarks apply also to the objection respecting appellee's name, concerning which, as well as the certificate of acknowledgment, appellants were wholly indifferent in the district court.

As to the fourth assignment of error, we are not acquainted with any rule which requires a bill for foreclosure to be put in under oath, or signed by the complainant. The signature of counsel appears to furnish sufficient authentication. Story's Eq. Pl., § 47.

The decree of the district court is affirmed, with costs.

*Affirmed.*